FILED by _UA_ D.C.

DEC 29 2011

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. of FLA. – MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ANDREW MOORE, a Florida Resident,  CASE NO.:

          Plaintiff,  **11-cv-24643 MARTINEZ/McALILEY**

vs.

DAYGLOW, LLC., a Florida Corporation;
SEBASTIAN SOLANO, individually;
SEAN RODNEY FOUNTAIN d/b/a
WILDCHILD WORLD and DOES
1-5, unknown persons or entities,

          Defendants.
_____/

## COMPLAINT

Plaintiff, ANDREW MOORE ("Moore"), sues Defendants, DAYGLOW, LLC. ("Dayglow"), SEBASTIAN SOLANO ("Solano"), SEAN RODNEY FOUNTAIN d/b/a WILDCHILD WORLD ("Fountain" or "Wildchild"), and DOES 1-5 ("Doe Defendants") (collectively, Dayglow, Solano, Fountain, and Doe Defendants may hereinafter be referred to as "Defendants") alleges:

### NATURE OF THE ACTION, JURISDICTION AND VENUE

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, 17 U.S.C. § 101 *et seq.*

2. This Court has subject matter jurisdiction over this copyright infringement action pursuant to 28 U.S.C. § 1338(a).

3. This Court has personal jurisdiction over the Defendants and venue in this District is proper pursuant to 28 U.S.C. § 1391(b) and/or 28 U.S.C. § 1400(a) because: (a) a substantial part of the acts giving rise to this copyright infringement action occurred or originated in this District; and (b) the Defendants can be found in this district.

## THE PARTIES TO THIS ACTION

4. Moore is a resident of the United Kingdom, with his principle place of business in Miami, Florida.

5. Dayglow is a Florida corporation with its principal place of business in Deerfield Beach, Florida. Dayglow has been and is personally participating in or had/has the ability and right to supervise, direct and control the tortious acts complained of herein.

6. Solano is an individual who, upon information and belief, resides in Davie, Florida. Upon information and belief, Solano has been and is personally participating in or had/has the ability and right to supervise, direct, and control the tortious acts complained of herein.

7. Fountain is an individual doing business as Wildchild World who, upon information and belief, resides in Miami, Florida. Upon information and belief, Fountain has been and is personally participating in or had/has the ability and right to supervise, direct, and control the tortious acts complained of herein. Upon information and belief, Fountain maintains the Wildchild World studio in Miami, Florida.

8. The Doe Defendants are individuals and/or entities of unknown identity, form, and residence, which Moore reasonably believes are directly or indirectly participating in the events giving rise to this action. Upon information and belief, the Doe Defendants have been and are personally participating in or had/have the ability and right to supervise, direct and control the tortious and infringing acts complained of herein. Alternatively, the Doe Defendants have worked and/or are working in combination or conspiracy with Dayglow and/or Wildchild in the commission of the tortious and infringing acts complained of herein.

## GENERAL ALLEGATIONS

### A. Moore And Kryoman®

9.  Moore performs as the internationally recognized electronic music act/persona, Kryoman®.

10. Moore developed the Kryoman® act by producing the Kryoman® suit (hereinafter "the suit").

11. When Moore puts on the suit, he appears to be approximately 9 (nine) feet tall, covered in color-changing lights, wielding a gun in each hand. The gun has wide barrels, and tubes connecting the grips to a tank on his back. He wears a helmet, also adorned in color changing lights. The upper body portion of the suit mainly covers Moore's shoulder and chest area, leaving an exposed abdomen. The lower half of the suit is also covered in color changing lights. The legs flare out over the stilts that Moore utilizes to achieve the desired height of approximately 9 (nine) feet. Moore is depicted in the suit in Figures 1 and 2, below.



Figure 1 –Moore as Kryoman®



**Figure 2 –Moore as Kryoman®**

12.     In order to protect the suit, the copyright for "Kryoman®'s" suit was registered. The United States Copyright Office granted and issued registration No. VA 1-725-537 for Kryoman I visual material, and a copy of the registration is attached as Exhibit "A."

13.     Moore's copyright is for the general appearance of the suit, including, but not limited to, the Kryogun accessories, the tank appearing on the back of the costume, the fact that it lights up, and the overall look and appearance of Kryoman®.

14.     Moreover, Moore took additional measures to protect Kryoman® by registering the trademark. The United States Patent and Trademark Office granted and issued registration No. 3893298 for the Kryoman® service mark. A copy of the registration is attached as Exhibit "B."

15.     Moore began performing as Kryoman® in European venues starting in 2005.

16. Kryoman®'s success was apparent right from the start. His initial bookings included, but were not limited to, Club Space, Amnesia nightclub, and Pasha (all in Ibiza). All three of these venues are world renowned for being on the forefront of the electronic music industry.

17. Having gained considerable fame as an original, one of a kind act, Moore expanded the Kryoman® tour with international performances. Moore started performing across Europe, South America, Africa, and the United States.

18. Eventually, the Kryoman® brand was successful enough to enable Moore to manufacture several more suits. With multiple suits, and a team of performers, Moore was able to include several robots in each performance. Moreover, with multiple suits and multiple performers, Moore could secure several more bookings than with one suit alone.

19. Kryoman®'s international notoriety as a performer in the electronic music industry is second to none. The following are some of the electronic music artists that have utilized Kryoman® in their respective live shows: David Guetta (Billboard Top Artist of the Year 2010, winner of 2 Grammy Awards), Carl Cox (DJ Magazine Top DJ), Armin Van Buuren (3 albums on Billboard 200), AfroJack (2011 Grammy Award winner), Tiesto (Top 3 ranking in DJ Mag's Top 100 DJ's in the World for 10 years). That list is but a sampling of Kryoman®'s exposure in the electronic music industry.

20. Kryoman® also has extensive international recognition in the "mainstream" entertainment industry. In addition to performing with the internationally recognized Black Eyed Peas for Walmart's internet series Soundcheck (video available at http://soundcheck.walmart.com/black-eyed-peas), Moore has also appeared in music videos for David Guetta; "Sexy Chick" featuring Akon and "Little Bad Girl" featuring Taio Cruz and

Ludacris. It should be noted that at the time this complaint was drafted, the official video for "Little Bad Girl" on www.youtube.com had been viewed *over 48 (forty eight) million times*. "Sexy Chick" received 38 (thirty eight) million views.

21. Kryoman®'s most recent notable appearance was at the 2011 American Music Awards.[1] 2 (two) Kryoman® robots appeared on stage during the opening act. The robots performed with David Guetta and Nicki Minaj.

### B. The Defendants And Their Infringing Conduct

22. Upon information and belief, Dayglow is a company that hosts and promotes electronic music parties all over the world, featuring a performer that resembles Kryoman®.

23. Upon information and belief, the knock-off Kryoman® is the product of Fountain, the artistic director for Dayglow, and the owner/operator of Wildchild World.

24. Upon information and belief, Wildchild's suit, which Dayglow utilizes, is designed to resemble Kryoman®'s. The knock-off is approximately 9 (nine) feet tall, covered in lights, with a helmet that is also covered in lights. The infringing robot also carries guns as accessories, which connect via tubes to the costume's back. Upon information and belief, Wildchild goes so far as to call the guns "Kryoguns." Wildchild and Dayglow also have the infringing robot wear similar pants, which flare out over stilts, and are also covered in color changing lights.

25. Examples of the infringing designs appearing at Dayglow events are depicted in Figures 3 and 4 on the following page. These images were retrieved from Dayglow's own website.

---

[1] According to Nielsen ratings, approximately twelve million (12,000,000) watched the American Music Awards during its broadcast in November 2011.



Figure 3 –Dayglow's knock-off Kryoman® at a Dayglow event



Figure 4 –Dayglow's knock-off Kryoman® with crowd at Dayglow event

26. Upon information and belief, the Defendants are causing the infringing robot suit to be utilized during most Dayglow performances.

27. Upon information and belief, Solano, as the managing member of Dayglow, has either personally participated in the infringing conduct with Dayglow, or has had the ability to supervise and control the infringing conduct.

28. Upon information and belief, Dayglow employs an Artistic Director, Fountain.

29. Upon information and belief, Wildchild is responsible for arranging for Dayglow's knock-off robot suits to appear at Dayglow events.

30. Dayglow and Wildchild refer to their knock-off robots as LED Wildchild Kryogenic Globot (or Glowbot, depending on the promotional material) Stiltwalkers.

31. Upon information and belief, Wildchild uses photos of the knock-off suit in order to secure bookings. See figures 5 and 6, for a comparison of Wildchild and Kryoman®'s promotional photos.



Figure 5- Dayglow and Wildchild's promotional material with knock-off suits



Figure 6- Moore's promotional photo with original suits

32. Wildchild also uses a Facebook page to secure bookings. A promotional image of the knock-off suits (including alternate spelling) from Wildchild World's Facebook page is depicted in Figure 7 below.



Figure 7- Wildchild promotional photo featuring knock-off suit

33. Upon information and belief, Wildchild presents videos to potential clients that contain the knock-off suit. One such example can be seen at http://www.youtube.com/watch?v=qo1pueE-wXM.[2]

34. On Dayglow's official web site, www.dayglowtour.com, there is a link directing visitors to Dayglow's Youtube channel. On said channel, there are 138 (one hundred and thirty eight) videos of various Dayglow events. The knock-off suit appears in a majority of the videos.

35. On or about March 27, 2009, Solano approached Moore at Ultra Music Festival in Miami, Florida.[3] After seeing a Kryoman® performance, Solano requested that Kryoman®

---

[2] This video is located on WILDCHILDWORLD's Youtube channel.
[3] Ultra Music Festival is the premier electronic music festival in the United States. In 2009, approximately 70,000 (seventy thousand) tickets were sold for the festival, setting a record for tickets sold in Miami, Florida.

appear at the Dayglow tent, located on the festival grounds, in order to perform his act. Moore did not appear at the performance.

36. It is plainly apparent that, rather than use their own creativity, Defendants did nothing more than construct a replica of the Kryoman® suit. After creating the knock-off suit, the Defendants began booking events where the knock-off suit appeared. Oftentimes, the Defendants utilize multiple robots during each performance, just like Kryoman®.

37. By engaging in substantial copying, the Defendants were able to capitalize on Moore's efforts. By creating knock-off suits, Dayglow and Wildchild were able to book performances based on Kryoman®'s international notoriety.

38. Moore has not licensed nor authorized the use of the Kryoman® suits or their likenesses.

39. To date, Defendants have utilized the knock-off suits in dozens of performances. All of these performances occurred after the Defendants became aware of Kryoman®, as evidenced by the fact that Solano approached Kryoman® after seeing his act at the Ultra Music Festival. As such, Defendants have knowingly and intentionally infringed Moore's copyright.

## COUNT I

### Copyright Infringement Under 17 U.S.C. § 101 *et seq.*

40. Moore reavers paragraphs 1 through 39 in support of this count.

41. Moore owns the valid copyright to the Kryoman® suit. Moore brings this claim against Defendants under 17 U.S.C. § 501.

42. Defendants have infringed Moore's copyright, either directly, vicariously or contributorily, in violation of Moore's exclusive rights under 17 U.S.C. § 106. Specifically, the

Defendants have violated Moore's exclusive rights by doing the following without Moore's authorization:

    (a)    reproducing Moore's Kryoman® suit;

    (b)    performing at events produced by Dayglow, while utilizing the knock-off suits; and/or

    (c)    using images of the knock-off suit in promotional materials, including but not limited to the Dayglow website, the Wildchild World website, Dayglow's Youtube channel, and Wildchild World's Youtube channel.

43. By willfully copying the Kryoman® suit in a substantially similar manner, the Defendants intentionally, knowingly and willfully infringed Moore's copyright.

44. Defendants' infringement of Moore's copyright has caused and is causing Moore to sustain monetary damage, loss, and injury in an amount to be determined at trial. Pursuant to 17 U.S.C. § 504, Moore is entitled to recover its actual damages and the Defendants' profits relating to the infringement; alternatively, Moore is entitled to statutory damages. Pursuant to 17 U.S.C. § 505, Moore is also entitled to recover his costs and attorneys' fees.

45. Defendants' tortious conduct has caused and, unless enjoined and restrained, will continue to cause Moore great and irreparable injury that cannot be fully measured or compensated in money. Therefore, Moore has and will have no adequate remedy at law and is therefore entitled to injunctive relief pursuant to 17 U.S.C. § 502, prohibiting the Defendants from further infringing Moore's copyrights.

## PRAYER FOR RELIEF

WHEREFORE, Moore prays for an Order and Judgment:

I. That the Defendants, their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them, who receive actual notice of the Order by personal service or otherwise, be permanently enjoined and restrained from:

(a) Utilizing the knock-off suits in any performances, events, festivals, or any other production by Dayglow or Wildchild, as well as using the knock-off suits in any promotional material used by Dayglow or Wildchild, and from otherwise engaging in acts that constitute copyright infringement under the copyright laws of the United States;

(b) Inducing, encouraging, instigating, aiding, abetting, or contributing to any of the aforesaid acts;

(c) Inducing, encouraging, instigating, aiding, abetting, or assisting others in engaging in any of the aforesaid acts.

II. That, pursuant to 17 U.S.C. § 503, the Defendants be ordered to deliver for destruction all materials used by the Defendants in performances by the knock-off robots, including, but not limited to, the upper and lower body portions of the costume, the knock-off "kryo" system, as well as the knock-off Kryoguns.

III. That, pursuant to 17 U.S.C. §§ 504 and 505, the Defendants, jointly and severally, be ordered to:

(a) Account for and pay over to Moore an amount equal to the actual damages and all of the gains, profits, savings, and advantages realized by Defendants as a result of Defendants' infringement of Moore's copyrights;

(b) Pay Moore not less than $30,000 in statutory damages for each violation, if this Court finds that the Defendants innocently infringed Moore's copyright, and if the Court

finds that the Defendants willfully infringed Moore's copyright, pay Moore statutory damages of $150,000 for each violation;

       (c)    Reimburse Moore for the costs of this action; and

       (d)    Reimburse Moore for any and all reasonable attorneys' fees that it incurred as a result of the Defendants' copyright infringement.

       IV.    Moore further prays for such other relief that this Court deems to be just and proper.

DATED this 28th day of December 2011.

Respectfully submitted,

Adam Cohen / Fla. Bar No. 55551
THE LAW OFFICES OF ADAM COHEN, P.A.
Counsel for Andrew Moore
1 NE 2nd Avenue
Miami, Florida 33132
Telephone: 305-321-5179
Facsimile: 305-358-3309

By: _____
Adam Cohen / Fla. Bar No. 55551
E-Mail: AdamCohenLaw@gmail.com

**EXHIBIT A**

[Copy of Registration No. VA 1-413-346]

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Registration Number**

**VA 1-725-537**

Effective date of registration:

May 21, 2010

---

## Title
- **Title of Work:** KRYOMAN I

## Completion/Publication
- **Year of Completion:** 2007
- **Date of 1st Publication:** March 26, 2007
- **Nation of 1st Publication:** United Kingdom

## Author
- **Author:** Andrew Moore
- **Author Created:** original expression that has been applied to the material
- **Citizen of:** United Kingdom
- **Domiciled in:** United Kingdom
- **Year Born:** 1982

## Copyright claimant
- **Copyright Claimant:** Andrew Moore
  4 Brookway Road, Charlton Kings, Cheltenham Glos, GL538HE, United Kingdom

## Limitation of copyright claim
- **Material excluded from this claim:** No claim is made on functional designs of clothing
- **New material included in claim:** Original artistic expression of costumes & accessory items

## Rights and Permissions
- **Name:** Andrew Moore
- **Address:** 4 Brookway Road
  Charlton Kings
  Cheltenham Glos, GL538HE United Kingdom

## Certification

Page 1 of 2

**Name:** Richard Guerra /rg/
**Date:** May 21, 2010

---

**Correspondence:** Yes



**Registration #:**   VA0001725537

**Service Request #:**   1-393391901



Feldman Gale, P. A.
Richard Guerra
One Biscayne Tower, 30th Floor
2 S. Biscayne Blvd.
Miami, FL 33131  United States

# EXHIBIT B

[Copy of Registration No. 3,893,298]

# United States of America
### United States Patent and Trademark Office

# KRYOMAN

**Reg. No. 3,893,298**
**Registered Dec. 21, 2010**
**Int. Cl.: 41**

**SERVICE MARK**

**PRINCIPAL REGISTER**

MOORE, ANDREW (UNITED KINGDOM INDIVIDUAL)
4 BROOKWAY ROAD
CHARLOTON KINGS
CHELTENHAM GLOS, UNITED KINGDOM GL538HE

FOR: ENTERTAINMENT SERVICES IN THE NATURE OF LIVE MUSICAL AND THEATRICAL PERFORMANCES, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 3-26-2007; IN COMMERCE 3-26-2007.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SER. NO. 85-027,012, FILED 4-30-2010.

GIANCARLO CASTRO, EXAMINING ATTORNEY



Director of the United States Patent and Trademark Office